UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE McGUIRE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW BECKMANN, M.D., an individual, and SPECTRUM HEALTHCARE, INC.,<br><br>Defendants. | No. 2:17-cv-01665-TLN-DB<br><br>**MEMORANDUMN AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This matter is before the Court on Defendant United States of America's ("Defendant") Motion to Dismiss for lack of subject matter jurisdiction. (ECF No. 6.) Plaintiff Jamie McGuire ("Plaintiff") filed an opposition. (ECF No. 7.) Defendant filed a reply. (ECF No. 8.) For the reasons set forth in this Order, Defendant's motion is GRANTED.

///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 19, 2017, Plaintiff filed a personal injury lawsuit in the Superior Court of the State of California, County of Solano, alleging that she was injured by the negligent actions of Andrew Beckmann, M.D. (ECF No. 1-1.) At the time of the events alleged in the Complaint, Plaintiff was on active duty in the United States Air Force and was stationed at Travis Air Force Base. (ECF No. 7 at 1.) In April 2016, Plaintiff visited the emergency room at the David Grant Medical Center on Travis Air Force Base for the purpose of receiving medical treatment. (ECF No. 7 at 2.) During Plaintiff's visit to the emergency room, Beckmann allegedly prescribed her opioid-based medication to which she had a severe allergic reaction. (ECF No. 1-1 ¶¶ 5–7.) Plaintiff alleges that she suffered severe and disabling injuries when Beckmann prescribed medication that he allegedly had reason to know might cause her harm. (ECF No. 1-1 ¶¶ 7, 9.)

In addition to Beckmann himself, Plaintiff also named Spectrum Healthcare, Inc. (hereafter, "Spectrum") as a defendant under a *respondeat superior* theory of liability. (ECF No. 1-1 ¶ 3.) The Complaint alleges that Beckmann acted in the course and scope of his employment with Spectrum when he made the decision to prescribe opioid-based medication to Plaintiff. (ECF No. 1-1 ¶¶ 3–4.) The Complaint further alleges that Spectrum "was a healthcare services provider contracting with the United States Air Force to provide emergency room staffing at David Grant Medical Center." (ECF No. 1-1 ¶ 4.)

On August 11, 2017, Defendant removed the case to this Court. (ECF No. 1.) Pursuant to 28 U.S.C. § 2679(d)(1), Defendant also certified that Beckmann was a federal employee acting within the course and scope of his federal employment at the time of the actions set forth in the Complaint. (ECF No. 2-1.) This certification substituted the United States as Defendant in this action, thereby dismissing Beckmann (*see* ECF No. 2 at 2), and Plaintiff voluntarily dismissed Spectrum from the case at a later date (*see* ECF No. 10).

Defendant's motion advances two main arguments. First, Defendant argues that the underlying action should be dismissed because Beckmann was employed at all relevant times under a personal services contract with the Air Force. (ECF No. 6-1 at 2.) Defendant asserts that pursuant to the Gonzalez Act, 10 U.S.C. § 1089, the Federal Tort Claims Act ("FTCA") is the

only viable avenue for the lawsuit to proceed. (ECF No. 6-1 at 2 (citing 10 U.S.C. § 1089(a)).) However, according to Defendant, Plaintiff cannot utilize the FTCA's waiver of sovereign immunity to maintain her suit because she failed to exhaust administrative prerequisites. (ECF No. 6-1 at 2–3.) Second, Defendant argues that this Court should dismiss the suit without leave to amend because the doctrine set forth by the Supreme Court in *Feres v. United States*, 340 U.S. 135, 146 (1950), holds that federal district courts have no jurisdiction over cases like this one that seek tort damages for injuries sustained while a plaintiff is on active military duty.

Plaintiff opposes Defendant's motion to dismiss on the ground that — despite Defendant's certification that Beckmann was acting in the course and scope of his federal employment when he treated Plaintiff in 2016 — Beckmann was not actually a federal employee and so Defendant is not entitled to the protection of the Gonzalez Act or the FTCA. (ECF No. 7 at 3.) Specifically, Plaintiff argues that at the time he negligently prescribed opioid-based medication to Plaintiff, Beckmann was employed by Spectrum, not by the United States. (ECF No. 7 at 3.) As evidence in support of this argument, Plaintiff points to Beckmann's LinkedIn profile. (*See* ECF No. 7 at 3 ("Social media confirms that Beckmann was not working for the United States but was, in fact, working for Spectrum Healthcare, Inc.").) Plaintiff further argues that even if the Court dismisses the Complaint, "the motion should be granted without prejudice to allow for a timely filing of a claim under" the FTCA. (ECF No. 7 at 3.)

Defendant's reply expands on its original argument by incorporating the actual contract documents that Defendant asserts prove that Beckmann had "an employer-employee like relationship with the government." (ECF No. 8 at 3.) The reply also notes that Plaintiff's opposition does not address the application of the *Feres* doctrine. (ECF No. 8 at 4.)

**II.    STANDARD OF LAW**

    A.    Motion to Dismiss

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or

3

waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas*, 559 F.3d 1041, 1043-44 (9th Cir. 2009).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Put differently, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. *Id.*

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence and it challenges jurisdiction based solely on the pleadings. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). However, in the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations." *Thornill*, 594 F.2d at 733 (internal citation omitted). Rather, the party opposing the motion has the burden of proving that subject matter jurisdiction does exist and must present any necessary evidence to satisfy this burden. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). To that end, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *Thornhill*, 594 F.2d at 733. If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the *Foman* factors as those to be considered when deciding whether to grant leave to amend).

"[T]he consideration of prejudice to the opposing party . . . carries the greatest weight." *Id.* (*citing DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Group, Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (*citing In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005)); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

### B. Gonzalez Act

"The Gonzalez Act, or Medical Malpractice Immunity Act, . . . provides that a suit against the United States under the [FTCA] is the exclusive remedy for torts committed by military medical personnel acting within the scope of their government employment." *Ward v. Gordon*, 999 F.2d 1399, 1401 (9th Cir. 1993) (citing 10 U.S.C. § 1089(a); *United States v. Smith*, 499 U.S. 160, 169–71 (1991)); *see also Levin v. United States*, 568 U.S. 503, 508 (2013) (stating that the Gonzalez Act "makes claims against the United States under the FTCA the 'exclusive' remedy for injuries resulting from malpractice committed by medical personnel of the armed forces and other specified agencies" (quoting 10 U.S.C. § 1089(a))). The protections of the Gonzalez Act explicitly apply to "a physician . . . serving under a personal services contract entered into under section 1091 of this title or a subcontract at any tier under such a contract that is authorized in accordance with the requirements of such section 1091." 10 U.S.C. § 1089(a).

### C. Federal Tort Claims Act

The FTCA "gives federal district courts exclusive jurisdiction over claims against the United States for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission' of federal employees acting within the scope of their employment." *Levin*, 568 U.S. at 506 (quoting 28 U.S.C. § 1346(b)(1)). This remedy available to claimants "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee." 28 U.S.C. § 2679(b)(1).

///

Furthermore, the FTCA "requires, as a prerequisite for federal court jurisdiction, that a claimant first provide written notification of the incident giving rise to the injury, accompanied by a claim for money damages to the federal agency responsible for the injury." *Munns v. Kerry*, 782 F.3d 402, 413 (9th Cir. 2015) (citing 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(b); *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983)). A claimant has two years after accrual of a potential tort claim against the federal government in which to present the claim in writing. 28 U.S.C. § 2401(b). Where a plaintiff fails to allege or provide evidence that it has exhausted its administrative remedies under the FTCA, the plaintiff "cannot rely on that statute's waiver of sovereign immunity for jurisdiction." *Munns*, 782 F.3d at 413.

Nonetheless, failure to present an administrative claim before initiating suit under the FTCA does not necessarily foreclose the option of lodging such a claim after the suit is dismissed. Rather, under 28 U.S.C. § 2679(d)(5), where an action in which the United States is substituted as the defendant is dismissed for failure to present an administrative claim in the first place, "such a claim shall be deemed timely presented . . . if (a) the claim would have been timely if it had been filed on the date the underlying civil action was commenced, and (b) the claim is presented to the appropriate Federal agency within sixty days after dismissal of the civil action." 28 U.S.C. § 2679(d)(5).

D. <u>Challenge to Substitution of United States as Defendant</u>

"The Gonzalez Act provides that in suits against military medical personnel for torts committed within the scope of their employment, the Government is to be substituted as the defendant and the suit is to proceed against the Government under the FTCA." *Smith*, 499 U.S. at 162–63. This procedure is mandatory in the sense that the Gonzalez Act and the FTCA require the United States to be substituted in place of an individual defendant who was acting within the scope of employment at the time of the relevant allegations. *Ward*, 999 F.2d at 1402 (stating that "as long as [the defendant physician] acted within the scope of his government employment, the Liability Reform Act requires substitution of the United States" (citing 28 U.S.C. § 2679(d)(1))).

The United States Attorney for the district where a civil tort action is brought "is authorized to make the statutory certification that the Federal employee was acting within the

scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose." 28 C.F.R. § 15.4. The party challenging such a certification "bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence." *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993); *see also Doe v. Meron*, No. 18-2024, 2019 WL 2838403, at *1 (4th Cir. July 3, 2019) (describing procedure and burdens that apply upon certification under Gonzalez Act and FTCA).

**III.** **ANALYSIS**

In challenging the applicability of the Gonzalez Act, Plaintiff does not appear to challenge the procedural propriety of Defendant's substitution of itself as the defendant in place of Beckmann. (*See, e.g.*, ECF No. 7 (arguing the merits of whether Beckmann was actually an employee of Spectrum, without addressing the procedure employed by Defendant to substitute itself).) Nor does Plaintiff contest whether Beckmann was acting within the course and scope of his employment at the time of the events alleged in the Complaint. (ECF No. 7 at 1 (arguing that Beckmann "was not working for the United States at that time but instead was working for a private contractor, co-Defendant Spectrum Healthcare, Inc.").) Instead, Plaintiff challenges the threshold certification made by the United States Attorney's Office for the Eastern District of California that Beckmann was a federal employee during the relevant time period. (ECF No. 7 at 2 ("Andrew Beckmann did not work for the United States.").)

        A.        Applicability of the Gonzalez Act

The Court finds that the weight of the evidence — specifically, the plain terms of the statutory text and of the contract which governed the relationship between the federal government, Spectrum, and Beckmann — compel the conclusion that Plaintiff's only avenue for relief is through the Gonzalez Act and the FTCA. The Gonzalez Act clearly and unequivocally protects physicians who "serv[e] under a personal services contract entered into under section 1091 of this title or a subcontract at any tier under such a contract that is authorized in accordance with the requirements of such section 1091." 10 U.S.C. § 1089(a). Beckmann qualifies as such a physician as set forth below.

7

### i. *Personal Services*

The evidence presented to the Court demonstrates that Beckmann's employment with the federal government is pursuant to a personal services contract. Spectrum is part of a joint venture which contracts to provide healthcare workers to the Air Force. (ECF No. 8-1.) The contracting documents make it clear that Beckmann qualifies as a healthcare worker under the contract. (ECF No. 8-4 at 2; ECF No. 8-3 at 6 (defining a healthcare worker as an individual "employed by the Contractor to provide healthcare services in" a medical treatment facility).) The documents further contemplate that healthcare workers "provided under this contract shall be rendering personal services as described in Defense Federal Acquisition Regulation Supplement (DFARS) 237.104." (ECF No. 8-3 at 4.) This federal acquisition regulation, in turn, provides that "[p]ersonal services contracts for health care are authorized by 10 U.S.C. [§] 1091," and provides authority for the military to acquire "[d]irect health care services provided in medical treatment facilities." 48 C.F.R. § 237.104(b)(ii).

The evidence shows that Plaintiff received direct healthcare services from Beckmann at a military treatment facility, David Grant Medical Center on the Travis Air Force Base, on April 19, 2016. (ECF No. 6-3; ECF No. 7 at 1 (on the date that Plaintiff sustained her injuries, "Beckmann was working in the emergency department of David Grant Medical Center at Travis Air Force Base and providing emergency room services"); ECF No. 8-3 at 4 ("Direct health care services may take the form of treatment, movement of patients, advice, clinical evaluations, recommendations, area and equipment preparation, and other clinical services . . . .").) And finally, the contracting documents explicitly contemplate that healthcare workers provided by Spectrum under the contract "have a personal services relationship with the Government." (ECF No. 8-3 at 6.) As a result, the Court concludes that Beckmann qualifies as a physician who "serv[ed] under a personal services contract" during the relevant time period. 10 U.S.C. § 1089(a).

### ii. *Statutory Authority Requirement*

Similarly, the Court finds that the primary contract in question in this case was "entered into under section 1091 of this title." 10 U.S.C. § 1089(a). That provision of federal law

provides that the "Secretary of Defense, with respect to medical treatment facilities of the Department of Defense, . . . may enter into personal services contracts to carry out health care responsibilities in such facilities, as determined to be necessary by the Secretary." *Id.* § 1091. The contracting documents themselves spell out that the contracting healthcare workers "have a personal services relationship with the Government." (ECF No. 8-3 at 6.) Accordingly, the Court finds that the primary contract at issue in this case satisfies the requirement of the Gonzalez Act, that it be a contract entered into pursuant to the authority of § 1091. *See* 10 U.S.C. § 1089(a).

### iii. *Plaintiff's Evidence*

Plaintiff provides two pieces of evidence in support of her argument that the Gonzalez Act is inapplicable in this case because Beckmann's employer at the time of his alleged malpractice was Spectrum and not the Air Force. The first piece of evidence is a declaration of counsel stating that "the Plaintiff was told by colleagues that Beckmann worked for a private contractor." (ECF No. 7-1 at 2.) The second piece of evidence is Beckmann's LinkedIn profile. (*See* ECF No. 7 at 3 ("Beckmann maintained a LinkedIn page on which he states that he works at Travis Air Force Base for Spectrum Healthcare, Inc."); ECF No. 7-1 at 4–5.)

This evidentiary showing is wholly insufficient to rebut Defendant's certification that Beckmann was covered by the Gonzalez Act at the time of the events alleged in the FAC. *See Green*, 8 F.3d at 698 (placing the burden of production on the party challenging a certification under the FTCA). Even if it is entirely true that Beckmann worked for Spectrum, he could still have been — and was, according to the evidence as described above — covered by the provisions of the Gonzalez Act and the FTCA because he was "a physician . . . serving under a personal services contract entered into under section 1091 of this title." 10 U.S.C. § 1089(a). The Gonzalez Act does not apply solely to physicians employed directly by the Air Force or some other branch of the U.S. Armed Forces. To the contrary, the statute plainly and unequivocally applies to those physicians, like Beckmann, who are employed by third party contractors that have entered into personal services contracts with the military for health-care services.

For the foregoing reasons, the Court declines to reject the certification that Beckmann was covered by the Gonzalez Act at the time of the events alleged in the Complaint, and therefore

finds that he "is entitled to the official immunity of the Federal Tort Claims Act." (ECF No. 2-1 at 1.) Accordingly, "a suit against the United States under the [FTCA] is the exclusive remedy" for Plaintiff to pursue her medical malpractice claim against Beckmann. *Ward*, 999 F.2d at 1401.

### B. Dismissal for Failure to Exhaust Administrative Remedies

Plaintiff does not dispute that she did not file an administrative claim under the FTCA before filing suit in Solano County. (*See* ECF No. 7 at 3 (arguing that if Defendant's motion to dismiss is granted, "the motion should be granted without prejudice to allow for a timely filing of a claim under the Federal Tort Claims Act").) This failure to exhaust mandates dismissal of the Complaint. *See Munns*, 782 F.3d at 413. However, the parties dispute whether this dismissal should be with prejudice: Plaintiff argues that she should be allowed to revive her claim by following FTCA procedure (*see* ECF No. 7 at 3), while Defendant argues that the *Feres* doctrine requires the Court to dismiss the suit with prejudice (*see* ECF No. 6-1 at 3).

#### i. *Administrative Exhaustion*

The Court finds that Plaintiff is entitled to pursue her claim via administrative channels as set forth in the FTCA because she meets the requirements of 28 U.S.C. § 2679(d)(5). First, the United States has validly been substituted as the defendant in this case pursuant to the FTCA, and the Court's decision to dismiss the Complaint is predicated on Plaintiff's failure to exhaust administrative remedies. (*See* ECF No. 2-1 at 2 ("This certification, by operation of the cited statutes, substitutes the United States as the proper party defendant for Dr. Beckmann, who should be dismissed pursuant to his official immunity.").) Additionally, an administrative claim would have been filed within the two-year jurisdictional window for bringing an FTCA claim had it been lodged on the date the Complaint was filed in Solano County. *See* 28 U.S.C. §§ 2401(b), 2679(d)(5) (providing that an administrative claim is not time-barred under the FTCA where it "would have been timely had it been filed on the date the underlying civil action was commenced"). This is because the events giving rise to Plaintiff's lawsuit allegedly occurred on April 19, 2016 (ECF No. 1-1 ¶ 6), and Plaintiff's state court Complaint was filed in Solano County just one year later (ECF No. 1-1). If Plaintiff files an administrative claim with the federal government within sixty days of entry of this Order, said claim "shall be deemed to be

timely presented." 28 U.S.C. § 2679(d)(5). Out of an abundance of caution, the Court therefore notes that nothing in this Order shall preclude Plaintiff from pursuing post-dismissal administrative remedies to which she appears to be entitled under the FTCA. *See id.*

### ii. Nature of Dismissal

Defendant argues that the Court's dismissal of Plaintiff's case should be with prejudice "because the *Feres* doctrine bars Plaintiff's FTCA claim even if she administratively exhausts it." (ECF No. 8 at 1–2.) This amounts to an assertion that it would be futile to allow Plaintiff to amend the Complaint. A district court "should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

As a general matter, Defendant is correct to point out that the doctrine first articulated by the Supreme Court in *Feres* likely forecloses Plaintiff's ability to recover damages for Beckmann's allegedly tortious treatment of her. (*See* ECF No. 6-1 ("Under *Feres*, federal courts lack jurisdiction over any claims against the government by members of the armed services for injuries that 'arise out of or are in the course of activity incident to service.'").) Indeed the Ninth Circuit has interpreted the doctrine to bar nearly all suits brought by active-duty servicemen or servicewomen who claim harm as a result of medical malpractice that occurred in a military medical establishment. *Daniel v. United States*, 889 F.3d 978, 981 (9th Cir. 2018), *cert. denied,* 139 S. Ct. 1713 (2019) (observing that "our cases have consistently applied the *Feres* doctrine to bar medical malpractice claims predicated on treatment provided at military hospitals to active duty service members"). At the same time, however, the Ninth Circuit has also remarked that "the various cases applying the *Feres* doctrine may defy reconciliation," *id.* at 982 (quoting *McConnell v. United States*, 478 F.3d 1092, 1095 (9th Cir. 2007)), meaning that "comparison of fact patterns to outcomes in cases that have applied the *Feres* doctrine is the most appropriate way to resolve *Feres* doctrine cases," *id.* (quoting *Costo v. United States*, 248 F.3d 863, 867 (9th Cir. 2001)).

Here, the Court simply does not have a sufficiently developed factual record to undertake a meaningful "comparison of fact patterns to outcomes in cases that have applied

the *Feres* doctrine." *Id.* The record here consists primarily of a relatively sparse state-court Complaint (ECF No. 1-1); a few declarations from attorneys and military staff (ECF No. 6-2; ECF No. 6-3; ECF No. 7-1; ECF No. 8-1); and a number of documents fleshing out the contractual relationship between Beckmann, Spectrum, and the Air Force that are irrelevant to the question of whether this case is analogous to others that have applied the *Feres* doctrine in dismissing tort claims (ECF No. 8-2; ECF No. 8-3; ECF No. 8-4). As a result, while there may be no dispute that Plaintiff was on active military duty at the time she was administered an opioid medication by Beckmann at David Grant Medical Center (*see* ECF No. 7 at 1–2), the record nonetheless contains only a bare factual outline of what actually took place inside that military medical facility on April 19, 2016 (*see* ECF No. 1-1 ¶¶ 6–7; ECF No. 7 at 1–2). The Court requires a fuller factual picture before it can be satisfied that the Complaint must be dismissed with prejudice as being so analogous to other cases in which the *Feres* doctrine has been applied, *see Daniel*, 889 F.3d at 982, that it cannot possibly be cured by the allegation of additional facts, *see Watison*, 668 F.3d at 1117.

For this reason, the Court declines to dismiss Plaintiff's Complaint with prejudice. Should Plaintiff return to this Court following exhaustion of her administrative remedies, Defendant is free to renew its argument that the *Feres* doctrine operates to divest the Court of subject-matter jurisdiction.

### IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 6) is GRANTED without prejudice. Plaintiff's right to bring suit in this Court under the FTCA shall not be time-barred so long as she files an administrative claim with the relevant federal agency within sixty days of entry of this Order.

The Clerk of the Court is ordered to close the case.

IT IS SO ORDERED.

Dated: September 5, 2019

Troy L. Nunley
United States District Judge